# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HAIDER QUAZILBASH, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0652-CVE-FHM |
| | ) | |
| WELLS FARGO & COMPANY, d/b/a | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| BANK OF AMERICA CORPORATION, d/b/a | ) | |
| BANK OF AMERICA CORPORATION, d/b/a | ) | |
| BANK OF AMERICA, N.A., | ) | |
| CREDITORS FINANCIAL GROUP, LLC, | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, | ) | |
| LLC, and BEST SERVICE COMPANY, d/b/a | ) | |
| THE BEST SERVICE COMPANY d/b/a | ) | |
| TBSC, | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion for Additional Time to Obtain Service on Defendants Portfolio Recovery Associates[,] LLC and Best Service Company (Dkt. # 11). Plaintiff filed his complaint on October 6, 2009 and, to date, has failed to serve Portfolio Recovery Associates, LLC (PRA) and Best Service Company (BSC). Plaintiff requests an additional sixty days in which to serve these defendants.

Pursuant to the Federal Rules of Civil Procedure:

If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If a defendant has not been served within 120 days after the complaint is filed, "[t]he preliminary inquiry to be made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to effect timely service." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). If good cause is shown, the court must extend the time for service. Fed. R. Civ. P. 4(m). If good cause is not shown, the court must consider whether the plaintiff "should be afforded a permissive extension of time." Espinoza, 52 F.3d at 841.

In order to show good cause under Rule 4(m), a plaintiff must demonstrate that he has been "meticulous in [his] efforts to comply with the Rule."[1] Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (quoting In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988)). Plaintiff states that, within 120 days of filing the complaint, he attempted to serve BSC at the address listed on the California Secretary of State's website, but that the person who signed for documents at this address stated that she had no connection with BSC. Dkt. # 11, at 2. Plaintiff states that he has subsequently located two other possible mailing addresses for BSC. Id. The Court finds that plaintiff has demonstrated good cause for failure to serve BSC. Therefore, it must extend the time for service. Fed. R. Civ. P. 4(m).

Plaintiff has not, however demonstrated any attempt to serve PRA. Because this does not demonstrate meticulous efforts to comply with Fed. R. Civ. P. 4(m), plaintiff has not shown good cause for his failure to serve PRA. Despain, 13 F.3d at 1348. The Court must, therefore, determine whether plaintiff should be granted a permissive extension. Espinoza, 52 F.3d at 841. Plaintiff

---

[1] Despain addressed the good cause provision of Rule 4(m)'s predecessor, Rule 4(j). The Tenth Circuit has stated that "cases that interpret Rule 4(j) remain unaffected insofar as they provide guidance in determining whether good cause has been shown" under Rule 4(m). Espinoza, 52 F.3d at 841.

states that he is engaged in ongoing settlement negotiations with PRA. Dkt. # 11, at 1. Plaintiff is apparently delaying service until it is clear whether PRA should be dismissed or included as a defendant. Due to the settlement negotiations, PRA has actual notice of the lawsuit and would not be prejudiced by the delay in service. The Court finds that plaintiff should be granted a permissive extension of time to serve PRA.[2]

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Additional Time to Obtain Service on Defendants Portfolio Recovery Associates[,] LLC and Best Service Company (Dkt. # 11) is **granted**. Plaintiff shall have an additional **sixty days** in which to properly serve PRA and BSC.

**DATED** this 16th day of February, 2010.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] In his Response to Order to Show Cause (Dkt. # 10), plaintiff states that "[d]efendants Bank of America and Creditor's Financial Group LLC requested [p]laintiff's consent for extensions of time to file Answers to February 19, 2010, to which [p]laintiff agreed." Dkt. # 10, at 2. The Court, not a party, has the power to grant extensions of time. The parties are instructed that any requests for extensions to deadlines must be filed with the Court.