# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **HAIDER QUAZILBASH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0652-CVE-FHM |
| | ) | |
| **WELLS FARGO & COMPANY, d/b/a** | ) | |
| **Wells Fargo Bank, N.A., BANKAMERICA** | ) | |
| **CORPORATION, d/b/a Bank of America** | ) | |
| **Corporation, d/b/a Bank of America, N.A.,** | ) | |
| **CREDITORS FINANCIAL GROUP, LLC,** | ) | |
| **PORTFOLIO RECOVERY ASSOCIATES,** | ) | |
| **LLC, BEST SERVICE COMPANY, d/b/a** | ) | |
| **TBSC, d/b/a THE BEST SERVICE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Compel Arbitration, Dismiss the Case or, in the Alternative, Stay Proceedings in Favor of Arbitration and Brief in Support (Dkt. # 23).

### I.

Plaintiff is an individual residing in Tulsa County, Oklahoma. Dkt. # 1, at 1. He alleges that in or around the year 2007, his identity was stolen by an unknown individual who used his name and identifying information to open credit accounts. Id. at 2. He alleges that defendants Wells Fargo & Company (Wells Fargo) and BankAmerica Corporation are creditors with accounts opened in his name from this period, and have persisted in collection efforts despite plaintiff's challenges to the accounts. Id. He alleges that defendants Creditors Financial Group, LLC, Portfolio Recovery

Associates, LLC, and Best Service Company are debt collection agencies that have repeatedly contacted him. Id. at 3. He alleges that the defendants have violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Oklahoma Consumer Protection Act, OKLA. STAT. tit. 15, § 751 et seq., and were negligent. Dkt. # 1, at 4.

## II.

Agreements to arbitrate are matters of contract, and "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002) (quoting Steelworkers v. Warrior Gulf & Nav. Co., 363 U.S. 574, 582 (1960)). Thus, the "the existence of an agreement to arbitrate is a threshold matter which must be established before the [Federal Arbitration Act] can be invoked." Avedon Eng'g, Inc. v. Seatex, 126 F.3d 1279, 1287 (10th Cir. 1997). In this case, Wells Fargo produced a copy of an account agreement that purports to be between it and the plaintiff. Dkt. # 23-2. Plaintiff denies entering into this agreement, and argues that this agreement was the product of identity theft. He swears that he never applied for or opened an account or line of credit with Wells Fargo, and that he has never lived at the address listed on the account agreement that Wells Fargo invokes. Dkt. # 27-2.

District courts within the Tenth Circuit apply a standard similar to that governing motions for summary judgment to disputes over whether the parties have agreed to arbitrate. See, e.g., Axis Venture Gp., LLC v. 1111 Tower, LLC, No. 09-CV-01636-PAB-KMT, 2010 WL 1278306, at *3 (D. Colo. March 30, 2010); Hill v. Richoh Americas Corp., 634 F. Supp. 2d 1247, 1253 (D. Kan. 2009) ("[i]n seeking to compel arbitration, defendant bears the initial burden to present evidence sufficient to demonstrate an enforceable agreement to arbitrate. Once defendant meets this burden, plaintiff must show a genuine issue of material fact as to the making of the agreement") (internal

2

citations omitted), rev'd on other grounds, No. 09-3182, 2010 WL 1530786 (10th Cir. Apr. 19, 2010); Brennan v. Global Safety Labs, Inc., No. 07-CV-0546-CVE-PJC, 2008 WL 2234830, at *5 (N.D. Okla. May 29, 2008) ("[w]hile the Tenth Circuit has not addressed precisely the standard of review a court is to apply in deciding a motion to compel arbitration, the Tenth Circuit has intimated that a summary-judgment like standard applies when the 'making' of an arbitration agreement is at issue"); cf. Island Peak Ranch, L.L.C. v. FIIK Inv. and Holdings, Inc., No. 2:02-CV-562, 2008 WL 2673925, at *9 (D. Utah July 7, 2008) ("[t]he party seeking to compel arbitration . . . has the burden of demonstrating the existence of an enforceable agreement to arbitrate. This determination is a matter of state contract law and the burden is a preponderance of the evidence").

Wells Fargo has failed to show that there is an agreement to arbitrate between it and the plaintiff. There is a genuine issue of material fact regarding whether the plaintiff entered into the account agreement at issue here. Based on the current record, the Court cannot grant Wells Fargo's motion to compel arbitration. Should additional evidence relevant to whether an agreement to arbitrate exists between Wells Fargo and plaintiff be discovered, Wells Fargo may file a new motion to compel arbitration. See Alzaidi v. U-Haul Co. of Kansas, Inc., No. 09-2293-CM, 2009 WL 3045462, at *1 (D. Kan. Sept. 22, 2009) (denying motion to compel arbitration without prejudice to refiling and permitting limited discovery on whether the parties formed a valid contract to arbitrate).

**IT IS THEREFORE ORDERED** that Defendant Wells Fargo Bank, N.A.'s Motion to Compel Arbitration, Dismiss the Case or, in the Alternative, Stay Proceedings in Favor of Arbitration and Brief in Support (Dkt. # 23) is **denied**.

**DATED** this 22nd day of April, 2010.

*Claire V. Eagan*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT