UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

HAIDER QUAZILBASH, )
)
       **Plaintiff,** )
)
v. ) Case No. 09-CV-0652-CVE-FHM
)
WELLS FARGO & COMPANY, d/b/a )
Wells Fargo Bank, N.A., BANKAMERICA )
CORPORATION, d/b/a Bank of America )
Corporation, d/b/a Bank of America, N.A., )
CREDITORS FINANCIAL GROUP, LLC, )
)
)
)
       **Defendants.** )

## OPINION AND AORDER

Now before the Court are plaintiff's Motion for Leave to Amend Complaint (Dkt. # 44) and Plaintiff Haider Quazilbash's Application to Supplement His Motion to Amend Complaint (Dkt. # 47). Plaintiff seeks to amend his complaint to add FIA Card Services, N.A. as a defendant, add claims of intentional infliction of emotional distress against defendants Wells Fargo & Company (Wells Fargo) and Creditors Financial Group, LLC (Creditors Financial), and to add claims of invasion of privacy against all defendants. He also seeks to "modify the party previously identified as Wells Fargo & Company d/b/a Wells Fargo Bank, N.A. to name Wells Fargo Bank, N.A. individually and to modify the party previously identified as BankAmerica Corporation d/b/a Bank of America Corporation d/b/a Bank of America N.A. to name Bank of America N.A. individually."[1] Dkt. # 44, at 1. The proposed first amended complaint attached to plaintiff's motion to amend

---

[1] Plaintiff also seeks to eliminate dismissed parties from the case caption. An amendment to the complaint is not necessary to remove terminated parties.

erroneously did not include Bank of America Corporation as a party. Dkt. # 44-2. In his motion to supplement (Dkt. # 47), plaintiff seeks to substitute a corrected proposed first amended complaint. For good cause shown, the Court finds that Plaintiff Haider Quazilbash's Application to Supplement His Motion to Amend Complaint (Dkt. # 47) should be granted.

Wells Fargo objects to the addition of claims of invasion of privacy and intentional infliction of emotional distress. Dkt. ## 44, at 2; 45 at 1. Bank of America does not object to the proposed amendments. Dkt. # 44, at 2. Creditors Financial objects to the addition of claims of invasion of privacy and intentional infliction of emotional distress. Dkt. # 48.

Plaintiff alleges that an unknown individual stole his identity in 2007 and used his name to open various credit accounts, including with Wells Fargo and Bank of America. Dkt. # 1, at 1-2. He alleges that these creditors sold the disputed accounts to debt collection agencies, including Creditors Financial. Id. at 2. He alleges that the defendants have persisted in their attempts to collect debts despite his insistence that the debts do not belong to him. Id. His complaint alleges claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, the Oklahoma Consumer Protection Act, OKLA. STAT. tit. 15, § 751 et seq., and common law negligence. Id. at 4.

Plaintiff's requests to add FIA Card Services, N.A. as a defendant and to modify the names of defendants already served are unopposed. For good cause shown, the Court finds that this portion of the motion should be granted.

More than twenty one days have elapsed since responsive pleadings were filed regarding plaintiff's complaint. Therefore, he may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or

declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, (1962). Undue delay and prejudice to the opposing parties may justify denying a motion to amend. Minter v. Prime Equip. Co., 451 F.3d 1196, 1205-07 (10th Cir. 2006).

Plaintiff's motion was filed on June 15, 2010, the date of the deadline for motions for joinder of additional parties and/or amendment to complaint. See Dkt. # 40. The claims that plaintiff seeks to add arise out of the same set of circumstances as alleged in his original complaint. Plaintiff urges that he seeks to plead alternative and/or additional theories of recovery. Plaintiff seeks to add these claims because new counsel has entered the case. See Dkt. # 46, at 3.

The Court finds that there is no undue delay in seeking the proposed amendments because the motion was made within the deadline set forth in the scheduling order. Further, there is no prejudice to defendants because plaintiff's proposed additional claims arise out of the same circumstances as set forth in the original complaint. Cf. Minter, 451 F.3d at 1208 ("[c]ourts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'") (quoting Patton v. Guyer, 443 F.2d 79, 86 (10th Cir. 1971)). Wells Fargo's assertion that plaintiff's additional claims "may require an extension of one or more deadlines in the Scheduling Order," Dkt. # 45, at 2, is entirely speculative and does not demonstrate prejudice. The Court finds that the motion to amend should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff Haider Quazilbash's Application to Supplement His Motion to Amend Complaint (Dkt. # 47) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Amend Complaint (Dkt. # 44) is **granted**. Plaintiff may file an amended complaint no later than **July 20, 2010**.

**DATED** this 16th day of July, 2010.

								_____
								CLAIRE V. EAGAN, CHIEF JUDGE
								UNITED STATES DISTRICT COURT